IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HENRY CLIFFORD BYRD, SR., )
 )
                    Petitioner, )
 )
                v. )         1:15CV151
 )
SHERIFF OF FORSYTH COUNTY, )
et al., )
 )
                    Respondent. )

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee facing charges in Forsyth County, North Carolina, submitted a petition under 28 U.S.C. § 2241 for writ of habeas corpus by a person in state custody. Rule 4 of the Rules Governing Section 2254 Proceedings,[1] states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Pertinent to this case, a writ of habeas corpus may issue if Petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner sets out four potential claims for relief, all of which allege that state authorities violated his rights under the Fourth Amendment of the United States

---

[1] These rules also apply to petitions bought under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Proceedings.

Constitution during his arrest. Petitioner believes that this renders the arrest invalid. He seeks to have this Court conduct a hearing on this matter and quash the arrest.

The Petition seeks federal intervention in ongoing state court criminal proceedings, which offends the principles of state-federal comity and is only undertaken in extreme circumstances. Younger v. Harris, 401 U.S. 37 (1971). This Court should abstain where a prior ongoing state proceeding implicates an important state interest and the plaintiff will have an adequate opportunity to raise any federal claims in the state proceedings. Id. To avoid abstention, a plaintiff must demonstrate the absence of an adequate remedy in the state courts and the existence of irreparable injury without equitable relief. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). Intervention is possible based on bad faith, harassment or extraordinary circumstances. Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). However, absent a possible double jeopardy violation, the cost and anxiety of defending against a criminal prosecution is not sufficient to support intervention based on irreparable injury. Id. Petitioner makes no allegations sufficient to justify intervention by the Court in the present case. If problems with his arrest call the state prosecution into question, Petitioner can raise that during his defense against the charges in the state courts and, if necessary, pursue an appeal there. If they do not, he may pursue relief in an action under 42 U.S.C. § 1983 in this Court. However, Petitioner states no claim for relief under § 2241 and his entire Petition should be denied.

To the extent that Petitioner subsequently filed a Letter Motion [Doc. #3] requesting further action by this Court, that Motion will be denied as moot in light of the above determination.

IT IS THEREFORE ORDERED that the Clerk, at the point a judgment is entered, notify Petitioner of the filing, dismissal, and entry of judgment.

IT IS FURTHER ORDERED that Petitioner's Letter Motion [Doc. #3] be DENIED.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied and that judgment be entered dismissing the action.

This, the 19th day of May, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge